# IN THE COURT OF APPEALS OF IOWA

No. 22-1641
Filed December 20, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CALVONTA IBRION STALLINGS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Henry W. Latham II, Judge.

        Calvonta Stallings appeals his convictions for first-degree robbery. **AFFIRMED.**

        Raya Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

        Brenna Bird, Attorney General, and Joshua A. Duden, Assistant Attorney General, for appellee.

        Considered by Bower, C.J., Ahlers, J., and Danilson, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**DANILSON, Senior Judge.**

A jury convicted Calvonta Stallings of two counts of first-degree robbery for stealing women's handbags at gunpoint on two separate occasions. Stallings appeals, stating that his convictions are not supported by sufficient evidence. But he challenges the sufficiency of the evidence in name only. In substance, Stallings brings evidentiary challenges. Specifically, he challenges the admissibility of photo lineups, a witness's out-of-court identification of him using the lineup photos, and another witness's in-court identification of him as her assailant.

However, we cannot consider the merits of any of Stallings's appellate claims because he failed to preserve error on any claim. Stallings never filed a motion to suppress the photo lineups; nor did he object to the admission of the photo lineup at trial or the out-of-court and in-court identifications of him. Because Stallings failed to raise his claims in the district court, the district court never had the opportunity to rule on his claims and we have nothing to review. *See State v. Bynum*, 937 N.W.2d 319, 324 (Iowa 2020). With nothing to review, we cannot reach the merits of Stallings claims, constitutional or otherwise. *See id.* And to the extent that Stallings does challenge the sufficiency of the evidence, he has waived that claim by failing to provide any supporting appellate argument or authority. *See* Iowa R. App. P. 6.903(2)(g)(3); *State v. Vaugh*, 859 N.W.2d 492, 503 (Iowa 2015).

Because none of Stallings's claims are properly before us, we affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(e).

**AFFIRMED.**